CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
9/21/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| HEADHUNTER, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:17-cv-00069 |
| DOES 1–9, | ) By: Elizabeth K. Dillon |
| Defendants. | ) United States District Judge |

**MEMORANDUM OPINION**

I. BACKGROUND

Plaintiff Headhunter, LLC filed this action for copyright infringement against nine "John Doe" defendants (the Doe defendants). Plaintiff owns the copyright to a movie titled *A Family Man.* The Doe defendants are alleged to have downloaded and distributed *A Family Man* illegally, using BitTorrent, a peer-to-peer file-sharing internet protocol. The Doe defendants are identified in the complaint only by internet protocol (IP) addresses, through which the copyrighted work was allegedly downloaded. Each IP address is assigned to a customer on a specific date by an Internet Service Provider (ISP). No defendant has been served yet, but the court allowed discovery to enable Headhunter to issue a third party subpoena[1] in an attempt to identify the Doe defendants.

This matter is before the court on three motions. The first is a redacted motion to quash subpoena filed by one of the John Doe defendants, pro se, (Filing Defendant) who identifies himself in an unredacted motion filed with the court. (Dkt. Nos. 11 and 13.) The second motion

---

[1] The court notes that the subpoena identifies the style of the case incorrectly. Instead of nine Doe defendants, it states that there are eleven Doe defendants. (Dkt. No. 11-2.) The court further notes that it is unclear from Exhibit B (Dkt. No. 1-2), attached to the complaint, about which of the ISP addresses Headhunter was seeking subscriber information because there are more than nine listed. The court does not know if this is the same Exhibit B that was attached to the subpoena.

is styled as a motion to quash, which is more appropriately construed (because of its content and liberal construction of pro se pleadings), and which the court will construe, as a motion to sever. (Dkt. No. 15.) This motion purports to be filed by a different John Doe defendant, but he did not file anything identifying himself to the court, and he failed to sign the motion. The third motion is a redacted "Motion to Sever and Dismiss with Prejudice, Motion to Dismiss" (hereinafter motion to sever and dismiss) filed by the Filing Defendant. (Dkt. No. 25).

For the following reasons, the court will allow the Filing Defendant to file his motions anonymously. The court will construe the motion to sever and dismiss (Dkt. No. 25) as a motion to sever, and it will grant the motion to sever in part. Accordingly, plaintiff's claim against John Doe 1 will be severed from the claims against Doe defendants 2–9, and the claims against Doe defendants 2–9 will be dismissed without prejudice. The court understands that the Filing Defendant is not John Doe 1, so he would not remain in the case after the claims against Doe defendants 2–9 are severed. The unsigned, motion to quash (Dkt. No. 15), filed by the unknown John Doe defendant, will be struck pursuant to Rule 11. Because of the ruling as to the motion to sever and dismiss (Dkt. No. 25), the court will deny as moot the first motion to quash. (Dkt. No. 11). Although the court is not granting any motion to quash, because the court is severing the claims of the Doe defendants, the court will quash the current subpoena as to Doe defendants 2–9. Headhunters will be directed to notify the recipient of the third-party subpoena of this ruling.

II. DISCUSSION

**A. The Filing Defendant May Proceed Anonymously**

First, the court must determine whether the Filing Defendant may proceed anonymously in this case. While he did not file a motion asking leave to file anonymously, the court will

2

construe his pleadings to make that request given that he filed unredacted and redacted versions of his pleadings. Headhunter has not, in its responses, objected to anonymity.

"The ultimate test for deciding if a plaintiff should proceed anonymously is whether [he] 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Pittsylvania Cty., Va.*, No. 4:11-cv-43, 2012 U.S. Dist. LEXIS 13618, at *2–3 (W.D. Va. Feb. 3, 2012) (some internal quotation marks omitted) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). This presumption of openness is well grounded in our nation's laws. *Id.* at *3. "Courts have long held that the First Amendment protections of freedom of speech and press safeguard the public's right to attend trials, which must be 'open to the public absent an overriding and clearly articulated interest to the contrary.'" *Id.* (quoting *Doe 1 v. Merten*, 219 F.R.D. 387, 390–91 (E.D. Va. 2004)). In fact, "anonymity is not contemplated by the Federal Rules of Civil Procedure." *Id.* Quite the opposite: Rule 10(a) provides that "[t]he title of the complaint must *name* all the parties." Fed. R. Civ. P. 10(a) (emphasis added). The purpose of this rule "is to 'apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.'" *Pittsylvania Cty.*, 2012 U.S. Dist. LEXIS 13618, at *3 (quoting *Doe v. Hallock*, 119 F.R.D. 640, 643 n.1 (S.D. Miss. 1987)).

But the presumption of openness is not absolute; anonymity may be appropriate in some cases. "The crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously." *Id.* at *4. If a plaintiff is granted leave to proceed under a pseudonym, "the public is not denied its right to attend the proceedings or inspect the" court's opinions and orders on the underlying constitutional issue. *Id.* "[T]he only thing potentially being shielded from the public is plaintiff's name and any court proceedings or

3

opinions that might be necessary to determine standing." *Id.* (quoting *Doe v. Barrow Co.*, 219 F.R.D. 189, 193 (N.D. Ga. 2003)). "Still, it is the exceptional case in which a court allows a party to proceed anonymously." *Id.*

Whether a plaintiff is allowed to proceed anonymously is a decision committed to the sound discretion of the district court. *Id.* at *6. To guide this decision, the Fourth Circuit has provided the following five factors:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and relatedly [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Not all of these factors may be relevant to a given case, and there may be others that are. *Id.* At bottom, then, the trial court must "carefully review *all* the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Pittsylvania Cty.*, 2012 U.S. Dist. LEXIS 13618, at *7 (quoting *Frank*, 951 F.2d at 323).

The court concludes that the factors relevant to this case weigh in favor of anonymity. Here, not all of the factors are relevant. Given that the Filing Defendant has not been identified or served yet and that he challenges the efforts to identify him, he has justification for his request and is not merely avoiding annoyance. Moreover, and most importantly, there is no risk of unfairness to the opposing party because the opposing party was allowed to file the case against John Doe defendants and proceed with attempting to identify those defendants. For these

4

reasons, the court will permit the Filing Defendant to proceed anonymously and will deem his redacted pleadings to be appropriately filed.

**B. Motion to Sever and Dismiss with Prejudice, Motion to Dismiss**

The court turns next to the Filing Defendant's second motion which is the motion to sever and dismiss. (Dkt. No. 25.) In that motion, the Filing Defendant seeks dismissal of the case because of numerous extensions of time to serve the defendants, asks that the court rule on the Filing Defendant's initial motion to quash (Dkt. No. 11) and the other Doe defendant's motion to sever (Dkt. No. 15), and asks that this judge recuse herself from the case for a delay in ruling on the motions.[2] Because the Filing Defendant seeks relief requested by the other Doe defendant in the form of a motion to sever, the court will liberally construe the Filing Defendant's motion to incorporate by reference the arguments set forth in the other Doe defendant's motion. Specifically, that motion offers arguments in support of severing the case for improper joinder based on disparate alleged acts.[3] (Mot. to Quash; Dkt. No. 15). The court will grant the motion in part.

### 1. Federal Rule of Civil Procedure 20(a)(2)

Federal Rule of Civil Procedure 20 permits a plaintiff to join parties in a single action if (1) a right to relief is asserted against the defendants with respect to the same transaction, occurrence, or series of transactions or occurrences; and (2) a common question of law or fact will arise in the action. Fed. R. Civ. P. 20(a)(2). Although the transaction or occurrence test of Rule 20 permits all "reasonably related claims . . . to be tried in a single proceeding," *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Moseley v. Gen. Motors Corp.*, 497 F.2d

---

[2] A delay in ruling on motions is not a proper ground for recusal, so that request will be denied.

[3] Plaintiff is not prejudiced by this construction of the motion in that plaintiff addressed that possibility and responded to the arguments in its memorandum in opposition. (Dkt. No. 27.)

5

1300, 1333 (8th Cir. 1974)), "[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder," *Raw Films, Ltd. v. Does 1–32*, No. 3:11-cv-532, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011) (quoting *Laface Records, LLC v. Does 1–38*, No. 5:07-cv-298, 2008 U.S. Dist. LEXIS 14544, at *7 (E.D.N.C. Feb. 27, 2008)). Rule 20 grants courts "wide discretion concerning the permissive joinder of parties," and if joinder will result in prejudice, expense, or delay, the court has discretion to deny joinder. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). If Rule 20's requirements are not met, the court has the power under Rule 21 to *sua sponte* sever the defendants deemed to be improperly joined. *See Cell Film Holdings, LLC v. Does 1–12*, No. 3:16-cv-749, 2016 WL 7494319, at *2 (E.D. Va. Dec. 30, 2016) (finding joinder of Doe defendants in copyright action improper and *sua sponte* severing and dismissing defendants).

**2. The BitTorrent protocol**

A brief description of how BitTorrent functions is useful in order for the court to properly address joinder in this case. The court in *Malibu Media, LLC v. John Does*, 878 F. Supp. 2d 628, 631 (E.D. Va. 2012), described the program aptly:

> BitTorrent is a filesharing protocol that distributes the work of downloading and uploading files among several computers, thereby reducing the workload on the source of a file and enabling faster, more efficient sharing of large files. To use the protocol, a user installs a BitTorrent client on his or her computer. A user wishing to share a file uses the client to create a torrent descriptor file for the target file. The client breaks the target file into pieces, each of which is assigned [an] alphanumeric identifier unique to the target file, known as a "hash." The original file is known as a "seed," and the user sharing it is known as a "seeder."
>
> Other BitTorrent users then can begin downloading pieces of the target file. As each user downloads a piece, his BitTorrent client immediately makes that piece available to other users. Thus, it is not necessary for a user to download a particular piece from the original seeder, and the workload of sharing is distributed among a

6

> "swarm" of users. Once a user has downloaded all of the pieces of
> a file, the client compares the hash values of each piece against
> that recorded in the original torrent file to ensure that the
> reconstituted file is error-free. A user that has received all of the
> pieces can also become a new "seeder" using the reconstituted file
> as a new "seed."

### 3. Joinder of the nine Doe defendants is improper.

Plaintiff contends that joinder of the Doe defendants is proper under Federal Rule of Civil Procedure 20(a)(2) because defendants' acts of infringement were part of the same series of transactions involving *A Family Man*. Specifically, plaintiff alleges that the Doe defendants participated in the same "swarm," or group of BitTorrent users that downloaded and uploaded the same file during a given period, here three weeks, in order to receive and transmit a digital copy of *A Family Man* associated with a specific hash value. (*See* Opp'n 13, Dkt. No. 18.)

Joining multiple Doe participants in a BitTorrent swarm into a single action is commonly referred to as "swarm joinder." *See I.T. Prods., LLC v. Does 1–12*, No. DKC 16-3999, 2017 WL 167840, at *1 (D. Md. Jan. 17, 2017). Courts across the country have split as to whether swarm joinder is permissible. *Cell Film Holdings LLC v. Galang*, 2:16-cv-2142, 2017 WL 5895132, at *3 (D. Nev. Nov. 29, 2017) (collecting cases). The only circuit court to have addressed the issue, the D.C. Circuit, has held that swarm joinder is impermissible under Rule 20(a)(2). *See AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014). Of the three district courts within the Fourth Circuit to have addressed the issue, two—the United States District Court for the District of Maryland and the United States District Court for the Eastern District of Virginia—have found swarm joinder to be improper, *see I.T. Prods.*, 2017 WL 167840, at *1 (collecting cases); *Cell Film Holdings*, 2016 WL 7494319, at *3 (collecting cases), while one— the United States District Court for the Eastern District of North Carolina—has permitted swarm

joinder, *K-Beech, Inc. v. Doe 37*, No. 5:11-cv-381, 2012 WL 12910991, at *2 (E.D.N.C. June 12, 2012).

Joining the first two of those district courts, this court concludes that plaintiff's allegations do not support the joinder of nine unknown and otherwise unrelated defendants. In so doing, the court rejects plaintiff's argument that defendants' joining a common "swarm" to upload or download *A Family Man* satisfies, in and of itself, "the same transaction, occurrence, or series of transactions or occurrences" requirement under Rule 20(a)(2). That defendants uploaded and/or downloaded pieces of the same digital copy of *A Family Man* does not necessarily give rise to the inference that their actions are transactionally related. This is because of (1) the design of the BitTorrent protocol, and (2) the absence of any alleged facts that would permit the court to infer an exchange of data between *these* defendants. The D.C. Circuit provided an analogy that strikingly illustrates both issues:

> [T]wo BitTorrent users who download the same file months apart are like two individuals who play at the same blackjack table at different times. They may have won the same amount of money, employed the same strategy, and perhaps even played with the same dealer, but they have still engaged in entirely separate transactions. And [s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.

*AF Holdings*, 752 F.3d at 998 (internal quotations and citations omitted).

Plaintiff essentially argues that the court can infer that defendants actually exchanged data amongst themselves because their alleged copyright infringement of *A Family Man* took place during the same swarm during the same three-week time interval. While the court in *AF Holdings* assumed without deciding that "two individuals who participate in the same swarm *at the same time* are part of the same series of transactions within the meaning of Rule 20(a)(2)" because they "might well be actively sharing a file with one another," it did not define what it

8

meant by "the same time" and its assumption was not necessary to its decision. *Id*. (emphasis in original). But for the reasons explained below, court concludes that the mere fact that the download occurred during the same swarm—even if it was at the same time—is, in and of itself, insufficient to support joinder.

Here, the complaint alleges that the swarm occurred over a three-week time interval. Regardless of whether a three-week period constitutes "the same time," as referenced in *AF Holdings*, this interval does not suffice to link defendants together at that same figurative blackjack table. *See Cell Film Holdings*, 2016 WL 7494319, at *3 n.5 (finding joinder improper despite allegation that copyright infringement occurred over the span of one day because "the length of time [of BitTorrent use is not] dispositive in determining the propriety of joinder"). Temporal proximity alone fails to sufficiently connect swarm-defendants in order to permit joinder because "[t]he connectivity is created automatically by the BitTorrent protocol and not by any acts of the individuals using the protocol." *UN4 Prods., Inc. v. Does 1–15*, No. 17-2768, 2017 WL 5885779, at *3 (E.D. Pa. Nov. 29, 2017) (rejecting three-week interval argument). Even if defendants were all online in the swarm at the exact same time, it is possible that any given Doe defendant did not directly upload or download any piece of the file from or to any of the other defendants because "[i]t is entirely possible that John Doe #1 and third parties A, B, and C, received pieces only from the Initial Seeder and uploaded only to each other, and John Doe #2 did the same with third parties X, Y, and Z." *UN4*, 2017 WL 5885779, at *3. *See also Galang*, 2017 WL 5895132, at *4 (rejecting 19-day interval argument and emphasizing that nothing about the temporal proximity "suggests . . . that these identified defendants acted in concert as part of the same transaction or occurrence"). That some of the Doe defendants allegedly uploaded or downloaded a piece of *A Family Man* during the same three-week interval

9

does nothing to bolster joinder in the absence of any allegations that defendants interacted with each other in their exchange of data.[4]

Plaintiff also takes issue with any argument that "attempts to equate a case involving 300 defendants with this case." (Opp'n at 18.) But just as with the three-week time interval, the fact that this case involves nine Doe defendants rather than 300 fails to support joinder where only conclusory allegations serve to connect defendants to the same data transfer. Because the analysis turns on whether defendants—however many there are—engaged in the same transaction or occurrence, courts have found swarm joinder impermissible under Rule 20(a)(2) in similar cases involving only four unidentified defendants, *Galang*, 2017 WL 5895132, at *2–4, and twelve unidentified defendants, *Pow Nevada, LLC v. Doe 2*, No. C17-1649RSM, 2018 WL 525958, at *1 (W.D. Wash. Jan. 24, 2018); *I.T. Prods.*, 2017 WL 167840, at *1–2; *Cell Film Holdings*, 2016 WL 7494319, at *3. Indeed, one court found swarm joinder impermissible where only two defendants remained in the case because there was no showing of any exchange of files between those defendants. *Patrick Collins, Inc. v. John Does 1–54*, No. CV-11-1602-PHX-GMS, 2012 WL 911432, at *5 (D. Ariz. Mar. 19, 2012) (explaining that joinder was impermissible where "Plaintiff alleges that the two remaining Defendants 'participat[ed] in the BitTorrent swarm with other infringers' but does not claim that John Doe 6 provided data to the former John Doe 12 or vice versa"). Absent allegations that the Doe defendants shared data with each other, joinder is impermissible regardless of whether "Plaintiff has limited the action to a reasonable and manageable number of [defendants]." (Opp'n at 24.)

---

[4] According to an article in the Syracuse Journal of Science & Technology Law, "[a] swarm can consist of peers from all around the world, whose only shared characteristic is the fact that they are all downloading and uploading the target file." Christopher Civil, *Mass Copyright Infringement Litigation: Of Trolls, Pornography, Settlement, and Joinder*, 30 Syracuse J. Sci. & L. Tech. L. 2, 10 (2014) (citations omitted). The user does not connect to all peers within the swarm; rather, using the BitTorrent protocol, "users are constantly shifting connections; indeed, they potentially connect and transfer data with a new individual every 30 seconds" based upon download speeds. *Id*. at 11.

Furthermore, even if joinder were proper under Rule 20(a)(2), Rule 20(b) might support discretionary severance of defendants. Rule 20(b) provides that a court may order separate trials "to protect a party against embarrassment, delay, expense, or other prejudice." Fed. R. Civ. P. 20(b). While the court does not utilize such discretionary severance here, it notes that each Doe defendant is likely to have different and divergent defenses, *CineTel Films, Inc. v. Does 1–1,052*, 853 F. Supp. 2d 545, 552 (D. Md. 2012), and thus severing all but one defendant avoids potential prejudice and unfairness. *See also Cell Film Holdings*, 2016 WL 7494319, at *4 (noting the potential to coerce unjust settlements and the purpose of the filing fee in support of discretionary severance).

Finally, plaintiff argues that the issue of joinder is better analyzed once defendants appear and raise any defenses. (Opp'n at 18–19.) But defendants' personal identifying information is unnecessary to evaluate joinder, and this court relies on other courts within the Fourth Circuit where "experience [regarding later analyzing joinder] has proven that the countervailing concerns of 'prejudice, expense, or delay,' *see Aleman*, 485 F.3d at 218 n.5, substantially outweigh any convenience." *I.T. Prods., LLC*, 2017 WL 167840, at *2. Because plaintiff fails to allege that defendants' actions arise out of the same transaction, occurrence, or series of transactions or occurrences, joinder is improper under Rule 20.

## C. Unsigned Motion to Quash

The unknown John Doe defendant filed the unsigned motion to quash. (Dkt. No. 15.) While the arguments contained in that motion were construed to be adopted by the Filing Defendant, the motion itself cannot stand. Rule 11 of the Federal Rules of Civil Procedure requires that every written motion "must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Any motion that is unsigned must be struck by

11

the court unless the omission is corrected promptly. Fed. R. Civ. P. 11. Here, the court cannot call the error to the party's attention in order to have a signed motion filed because the court does not know who the party is. Thus, the court will strike the unsigned motion.

Because the court grants the motion to sever and will dismiss without prejudice the claims against Doe defendants 2–9, the Filing Defendant's first motion to quash (Dkt. No. 11) is moot.[5]

### III. CONCLUSION

For the foregoing reasons, the court will allow the Filing Defendant to file his motions (Dkt. Nos. 11 and 25) anonymously. The court will construe the motion to sever and dismiss with prejudice, motion to dismiss (Dkt. No. 25) as a motion to sever, and it will grant the motion only to the extent it seeks severance. Accordingly, plaintiff's claim against John Doe 1 will be severed from the claims against Doe defendants 2–9, and the claims against Doe defendants 2–9 will be dismissed without prejudice. The court understands that the Filing Defendant is not John Doe 1, so he would not remain in the case after the claims against Doe defendants 2–9 are severed. The court will deny the other relief requested in the motion. The unsigned motion to quash (Dkt. No. 15), filed by the unknown John Doe defendant, will be struck pursuant to Rule 11. Because of the ruling as to the motion to sever and dismiss (Dkt. No. 25), the court will deny as moot the first motion to quash (Dkt. No. 11). Although the court is not granting any motion to quash, because the court is severing the claims of the Doe defendants, the court will, *sua sponte*, quash the current subpoena as to Doe defendants 2–9. Headhunters will be directed to notify the recipient of the third-party subpoena of this ruling.

---

[5] The court notes, however, that although the Filing Defendant seeks to quash the subpoena because it "asks that his computer be inspected or confiscated" (Mot. to Quash 4, Dkt. No. 11), the subpoena asks for no such thing. Instead, it seeks as to each IP address "any and all identifying information," which "includes, but is not limited to, the business name and/or first and last name, address, phone number, and email address." (Subpoena, Dkt. No. 11-2.)

12

An appropriate order will be entered.

Entered: September 21, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge